UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKKA S. KANG,<br><br>           Plaintiff,<br><br>     v.<br><br>PAM BONDI, ET. AL.,<br><br>           Defendants. | Case No.  1:25-cv-01317-JLT-HBK<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE<br><br>ORDER VACATING MANDATORY SCHEDULING CONFERENCE |

    This matter comes before the court upon periodic review of the file.  On July 2, 2025, Plaintiff filed a pro se complaint for writ of mandamus and declaratory relief in the Sacramento Division of the Eastern District of California.  (Doc. No. 1).  The same day, the clerk issued summons for each Defendant.  (Doc. No. 2).  After transfer to this court on October 6, 2025, the court issued an order setting this case for a mandatory scheduling conference for January 8, 2026 at 12:15 p.m.  (Doc. No. 5).  The court in its October 6, 2025 order further directed the parties to file a joint scheduling report no later than two weeks before the scheduling conference.  (*Id*. at 2).

    As of the date on this order, no return of service on the summons has been docketed.  (*See generally* docket).  Additionally, the parties have not filed a joint scheduling report.

    Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 90 days of filing the complaint.  The time may be extended for good cause shown.  If a defendant is not served within the requisite time period, after notice to plaintiff, the court must dismiss the

action without prejudice, or order that service be made within a certain time period. (*Id.*) (emphasis added). Because more than 90 days have passed and it does not appear any defendant has been served a copy of the complaint and summons, Plaintiff is directed to show good cause why the defendants should not be dismissed under Rule 4(m) and/or this case dismissed for Plaintiff's failure to prosecute this action. Fed. R. Civ. P. 41(b).

Accordingly, it is **ORDERED**:

1. Within fourteen (14) days of the date on this Order, plaintiff shall show good cause why the defendants should not be dismissed under Federal Rule of Civil Procedure 4(m) and/or this case dismissed under Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute this action.

2. Failure to respond to this order will result in the recommendation that this case be dismissed.

3. The Court VACATES the January 8, 2026 mandatory scheduling conference.

Dated: December 29, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2