UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKKA S. KANG,<br><br>                    Plaintiff,<br><br>        v.<br><br>PAM BONDI, KRISTI NOEM, ANGELICA ALFONSO-ROYALS, TRACY RENAUD, JAMES MCCAMENT, DONALD NEUFELD, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, and DEPARTMENT OF HOMELAND SECURITY,<br><br>                    Defendants. | Case No.  1:25-cv-01317-JLT-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE<br><br>(Doc. 6)<br><br>FOURTEEN DAY DEADLINE |

Plaintiff Nikka S. Kang, proceeding pro se, initiated this civil action and paid the filing fee on July 2, 2025.  The undersigned recommends that the district court dismiss defendants for plaintiff's failure to timely effect service of process on any defendant and dismiss this action for plaintiff's failure to prosecute this action and respond to a court order.

PROCEDURAL HISTORY

On July 2, 2025, plaintiff filed a pro se complaint for writ of mandamus and declaratory relief in the Sacramento Division of the Eastern District of California.  (Doc. 1).  The same day, the Clerk issued summonses.  (Doc. 2).  On October 6, 2025, the case was transferred to this court.  (Doc. 4).  The same day, the court set this case for a mandatory scheduling conference for

January 8, 2026 at 12:15 p.m.  (Doc. 5).  In its October 6, 2025 order, the court directed plaintiff to "promptly file proof of service of the summons and complaint" consistent with Local Rule 210 and further advised plaintiff that he must "comply with Fed. R. Civ. P. 4, regarding the requirement of timely serving the complaint," warning if he failed to timely serve the complaint the court may impose sanctions, "including dismissal of unserved defendants." (*Id*. at 1-2). Additionally, the order instructed the parties to file a joint scheduling report no later than two weeks before the scheduling conference. (*Id*. at 2).

On December 29, 2025, after the parties failed to file a joint scheduling report, the court vacated the mandatory scheduling conference and directed plaintiff within fourteen (14) days to show cause why the court should not dismiss this case for plaintiff's failure to timely serve any defendant as required by Federal Rule of Civil Procedure 4(m) and for plaintiff's failure to prosecute this action. (Doc. 6 at 2).  The order further informed plaintiff that if he failed to respond to the order the undersigned would recommend the case be dismissed. (*Id.*).  To date, no return of service has been filed as to any defendant and plaintiff has not responded to the December 29, 2025 order to show cause. (*See* docket).

APPLICABLE LAW

Under Federal Rule of Civil Procedure 4(i), service of process on the United States is effectuated:

> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>
> (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1)(A)-(C).  The Rules further provide: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or its own after notice to plaintiff- *must*

2

dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added).  Absent a showing of good cause, failure to comply with Rule (m) mandates dismissal of any unserved defendant.  *Id*.  "Pro se litigants must follow the same rules of procedure that govern other litigants."  *Thomas v. Scott*, 2015 U.S. Dist. LEXIS 96365, *6-*7 (C.D. Cal. Jun. 4, 2016) (findings and recommendations to dismiss the prisoner plaintiff's case for a failure to effect service adopted by *Thomas v. Scott*, 2015 WL 4507255 (C.D. Cal. Jul. 22, 2015)) (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (*overruled* in part by *Lacy v. Maricopa County*, 693 F.3d 896 (9th Cir. 2021)) (*citing Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (the failure of a pro se litigant to follow the procedural rules justified the dismissal of the pro se litigant's civil rights action).

Additionally, Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order.  *See* Fed. R. Civ. P. 41(b); *Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019).  In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Similarly, this court's local rules provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  E.D. Cal. L.R. 110 (2025).  Indeed, "courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action.  *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  Thus, a court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules.  *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

////

3

ANALYSIS

Here, plaintiff has not timely effected service on any of the government defendants. The court's scheduling order advised plaintiff of the time constraints in effecting service and warned plaintiff that the failure to timely serve may result in sanctions, including dismissal of the unserved defendants. Further, despite being afforded the opportunity to explain why he failed to timely serve defendants, plaintiff elected not to file a response to the court's December show cause order. Rule 4(m) mandates that a court *must* dismiss a defendant if the defendant is not served timely. *See In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (holding that even if the plaintiff fails to show good cause for failure to timely serve under Rule 4(m), a district court still has "the discretion to dismiss without prejudice or extend the time period.") (citations omitted). Thus, dismissal of the unserved government defendants without prejudice is proper here. See *Rodriguez-Sorto v. Geo Grp., Inc.*, No. 1:25-CV-00346-JLT-CDB, 2025 WL 1743912, at *2 (E.D. Cal. June 24, 2025), *report and recommendation adopted*, No. 1:25-CV-00346 JLT CDB, 2025 WL 1939111 (E.D. Cal. July 15, 2025) (dismissing government defendants after failure to respond to order to show cause).

Furthermore, dismissal is warranted under Rule 41 and this court's local rules. As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999). Turning to the second factor, this court's need to efficiently manage its docket cannot be overstated. This Court has one of the heaviest caseloads in the nation, and due to the delay in filling judicial vacancies, which was further exacerbated by the COVID-19 pandemic, operated under a declared judicial emergency through May 2, 2021. *See In re Approval of the Judicial Emergency Declared in the Eastern District of California*, 956 F.3d 1175 (9th Cir. 2020). This Court's time is better spent on other matters than needlessly consumed managing a case with a recalcitrant litigant.

A presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action, satisfying the third factor. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Finally, while the fourth factor usually weighs against dismissal, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose

conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006).  Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  As noted, *supra*, the court's December order to show cause warned plaintiff that this action would be dismissed if plaintiff failed to respond to the show cause order.  Thus, plaintiff had adequate warning that dismissal could result from noncompliance.  And the instant dismissal is a dismissal without prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

After considering the aforementioned factors and binding case law, the undersigned recommends dismissal of this action, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

Accordingly, it is **RECOMMENDED**:

1. All defendants be DISMISSED from this action pursuant to Federal Rule of Civil Procedure 4(m);

2. This action be DISMISSED without prejudice for plaintiff's failure to prosecute this action and to comply with this court's local rules; and

3. The Clerk is directed to CLOSE this case.

NOTICE TO PARTIES

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written

objections with the Court.  *Id.*; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).  These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Dated:    February 3, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

6